Filed 8/11/22  P. v. Gibson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B312655 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA016268) |
| v. | |
| CLARENCE ALBERT GIBSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Reversed and remanded.

J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Clarence Albert Gibson (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code[1] section § 1172.6 (former § 1170.95).[2]  As the People concede, this was error because the record of conviction did not show defendant to be ineligible for relief as a matter of law.  We accordingly reverse and remand for an evidentiary hearing in accordance with section 1172.6, subdivision (d).

## FACTS AND PROCEDURAL BACKGROUND

I.      **Facts[3]**

A.      *The underlying crime*

Around 11 p.m. on March 23, 1990, having "spent the evening smoking marijuana and drinking with friends" defendant "proposed committing a 'jack' -- a robbery -- to get some money." Defendant, along with one of his friends Tyrone Randall (Randall), armed themselves with .38 caliber revolvers, and

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

[3]     We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction on appeal.  (*People v. Randall* (Dec. 27, 1993, B066355).)

followed by several of their associates, went in search of a victim. Defendant and Randall "approached the driver's side of a pickup truck driven by the victim, Jose Valdes Cruz, and fatally shot him in the chest. The victim's wallet, containing approximately $120 in cash, was taken and his money distributed among [defendant, Randall] and others at the scene."

B. *Charging, conviction and appeal*

The People charged defendant with the first degree murder of Cruz (§ 187, subd. (a)) (count 1), and robbery (§ 211) (count 2). As to both offenses, the People also alleged that defendant "personally used" a firearm (§ 12022.5), and that a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1).[4] In accordance with the law in effect at the time, defendant's jury was instructed that he could be found guilty of murder under four different theories: (1) as the actual killer (CALJIC No. 3.00); (2) as someone who directly aided and abetted the actual killer with the murder (CALJIC No. 3.01); (3) as someone liable for the murder by virtue of his participation in the underlying robbery (that is, under a felony-murder theory) (CALJIC No. 8.21); and (4) as someone liable for the murder by virtue of aiding and abetting the underlying robbery, of which

---

[4] Randall was similarly charged with robbery and first degree murder, and the "personal use" and "principal armed" firearm enhancements were also alleged. The People further alleged the special circumstance that Randall "was engaged in the commission of the crime of robbery" (§ 190.2, subd. (a)(17)). The same special circumstance allegation was alleged against defendant, but dismissed prior to trial due to his age.

murder was a natural and probable consequence (that is, under a natural and probable consequences theory) (CALJIC No. 3.02).[5]

A jury convicted defendant of robbery and of first degree murder "during the commission of the crime of robbery" and found true the special allegation that he personally used a firearm. The jury was not asked to specify the legal theory underlying its verdict. The jury found not true the allegation that a principal was armed with a firearm.[6] The trial court sentenced defendant to 29 years to life in state prison, comprised of 25 years to life for the murder plus four years for the firearm enhancement. Defendant appealed, and in an unpublished opinion we affirmed the judgment.

## II. Procedural Background

On March 6, 2018, defendant filed a request for resentencing, which the trial court construed as a petition seeking resentencing under section 1172.6. The court ordered the prosecution to file an informal response, and appointed counsel to represent defendant. Defendant argued that he had established a prima facie case for eligibility and the trial court should issue an order to show cause and conduct an evidentiary hearing because he was prosecuted under a felony murder theory, and the evidence at trial did not definitively establish who shot the victim.

---

[5] We granted defendant's request for judicial notice of the record in B066355.

[6] Randall was also convicted of first degree murder and robbery. As to the murder, the jury found true the personal use enhancement but found the special circumstance and the allegation that a principal was armed to be not true.

4

On April 20, 2021, the trial court denied the petition on the ground that defendant had not "made a prima facie showing in order to warrant an [order to show cause]." The court reasoned that it had reviewed "all the briefing" and "the record," which showed that defendant and Randall were both armed and a person ended up dead. Because either one of them could have been the shooter, the court reasoned, "the facts" of the case indicated that defendant "was an active participant, [in the murder], and he acted with reckless disregard for life."

Defendant filed this timely appeal.

### DISCUSSION

Defendant maintains that the trial court erred in denying his petition without an evidentiary hearing because he alleged a prima facie entitlement to relief in his petition. Because the trial court's reasons for summarily denying relief in this case turn on its interpretation of section 1172.6 and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person is entitled to relief under section 1172.6 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine," (2) he "was convicted of murder," and (3) he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1176.2, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought"

5

and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).)

Although the trial court followed the correct procedures in appointing defendant counsel and entertaining briefing, the court nevertheless erred in summarily denying defendant's petition because it set forth a prima facie entitlement to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 964.) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""'whether the petitioner would be entitled to relief if [those] allegations were proved.'"" (*Id.* at p. 971.) "'However, if the record, including the court's own documents [from the record of conviction] "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

Here, defendant made the requisite prima facie showing for relief because he alleged that he was charged with murder under felony murder and natural and probable consequences theories, was convicted of murder, and "could not now be convicted of . . . murder" because those theories are no longer valid. What is more, nothing in the record of conviction refutes those allegations. Contrary to the trial court's ruling, the record indicates that the jury in defendant's case was instructed on both the felony-murder and natural and probable consequences theories of liability, and that the jury's general verdict may have rested on either of those now-invalid theories. What is more, the prosecutor actively urged the jury, in closing argument, to convict defendant on those theories.

The trial court nevertheless denied defendant's petition because, in its view, the evidence at trial resoundingly showed that defendant was ineligible for relief because he was a major participant in the robbery who acted with reckless indifference to the value of human life. While such a finding can be a basis for denying relief (§§ 188, subd. (a)(3), 189, subd. (e)), it is a *factual* finding to be made after an evidentiary hearing rather than a finding that can be made as a matter of law at the prima facie stage. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 816 ["[t]he major participant and reckless indifference findings the trial court made based solely on the record evidence entail[ed] the weighing of evidence, drawing of inferences, and assessment of credibility that should be left to the factfinding hearing process contemplated by section [1172.6], subdivision (d)."]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 (*Drayton*).) As the People concede, the trial court erred in making a finding as a matter of law without first conducting an evidentiary hearing. We therefore remand for just such an evidentiary hearing. Of course, "[w]e express no opinion about [defendant's] ultimate entitlement to relief following the hearing." (*Drayton*, at p. 983.)

The parties spill a lot of proverbial ink over whether we should direct the trial court, at that upcoming evidentiary hearing, to consider the defendant's youth as *a factor* when assessing, as a factual matter, whether he was a major participant who acted with reckless indifference. In our view, it is premature for us to issue advisory instructions and, thus, premature for us to weigh in on the legal question of whether such consideration is appropriate or required. (Compare *In re Harper* (2022) 76 Cal.App.5th 450, 466-472; *People v. Harris* (2021) 60 Cal.App.5th 939-960; *People v. Ramirez* (2021) 71

Cal.App.5th 970, 987 with *In re Moore* (2021) 68 Cal.App.5th 434, 454.)

## DISPOSITION

The order is reversed. On remand, the trial court is to re-appoint counsel (if necessary) and to conduct an evidentiary hearing contemplated by section 1172.6, subdivision (d)(3) at which it is the prosecution's burden to prove beyond a reasonable doubt that defendant is "ineligible for resentencing" under section 1172.6.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ